**TIP TOP PRODUCTS CO. v. SOLO PRODUCTS CORP. et al.**

**Civ. No. 11212.**

United States District Court, D. New Jersey.

Feb. 5, 1951.

Milton, McNulty & Augelli, Jersey City, N. J., Cushman, Darby & Cushman, William M. Cushman and John W. Malley, Washington, D. C., for plaintiff.

Abram A. Lebson, Englewood, N. J., Thomas J. Byrne, New York City, for defendants.

MEANEY, District Judge.

## Findings of Fact

1. This is a declaratory judgment action brought to declare three patents on hair curlers invalid and not infringed. Defendants have counterclaimed, charging plaintiff with infringement.

2. Plaintiff manufactures and sells a hair curler known as "Tip-Top Dream Curler", molded of a flexible type of vinylite, a plastic material. It consists of a main body member that is divisible into two legs which receive the strands of hair. Integrally connected with these legs are two straps, on the end of which is a loop. The loop fits over the ends of the two legs and is secured thereto after the hair is wound around the legs.

3. Title to Letters Patent of the United States No. 2,112,074, known as the Cunnyngham patent, granted on March 22, 1938, is owned by defendant, Solo Products Corporation, a New York corporation.

4. Title to Letters Patent of the United States Nos. 2,145,278 and 2,168,368, granted on the application of and to defendant, Nathan L. Solomon, is vested in defendant, Nathan L. Solomon, but defendant, Solo Products Corporation, a New York corporation, is vested with an unwritten, exclusive license to manufacture, use and sell articles according to and embodying the inventions of said Letters Patent.

5. The Solomon Patent No. 2,145,278 discloses essentially a flexible unitary hair curler having a body provided with biased kerf to form complementary hair-holding elements about which the hair is coiled, the body having an appropriate integrally connected socket adapted removably to sustain a terminal resilient stay of an attenuated elastic hair-retaining member integrally and swingably extending from the body of the curler.

6. The Solomon Patent No. 2,168,368 discloses essentially a flexible hair curler comprising a hollow and elongated, substantially cylindrical, resilient tube having spaced but longitudinally disposed grooves, about which tube hair is coiled. The curler has an intervening, integrally connected elastic loop adapted to be swung rearwardly of the tines, preparatory to winding the hair about the tines and to be swung over and straddle the wound hair to hold the latter against the tines. The loop includes means cooperating with said tines to prevent displacement of the wound hair longitudinally thereof.

7. The Cunnyngham Patent No. 2,112,- 074 discloses essentially a hair curler comprising two yieldable hinged legs, between which hair can be grasped, and around both of which hair thus grasped may be wound. The curler has an elastic member or strap embracing the large end of the legs and a perforated portion to go over the smaller ends of the legs to urge the same together and to hold the elastic strap against the hair wound on the legs. Some of the claims disclose spacing projections between the legs, while others disclose longitudinal grooves along the inner sides of the legs.

8. Love's British Patent No. 14,678 of 1896 disclosed a hair curler made of paper or celluloid which performed substantially the same functions as do defendants' devices. It consisted of two strips of flat sheet paper celluloid or like pliant material cemented together for half their length, the uncemented parts forming a fork to grip the hair. The cemented part is cut and pressed into a shell-like form with a round perforated head, which head is capable of being bent on a narrow neck. There is also a narrowed part between the shell and the double fork to enable the latter to be bent back and tucked into the head where they are secured by small

bulbs at the end of the forks passing into a slot above the hole in the head. Neumann's British Patent No. 11,418 of 1893 disclosed a curler consisting of a small bar of light wood split lengthwise and tapered at the ends. To one end is attached an elastic cord which has a loop for hooking on the opposite ends of the split bar. Leoboldti in British Patent No. 13,432 of 1894 also disclosed the use of an elastic member or strap attached to a bar. In 1931, Fraser in British Patent No. 342,285, claimed "1. A device for use in waving or curling the hair, comprising a shank pressed up from flat metal strip to form two limbs united at one end by an integral springbow constituting the head of the device, and a locking sheath or ring adapted to engage the other ends of said limbs and anchored to the device by a flexible cord threaded through a hole, which may be eyeletted, formed through the metal of the head or one of the limbs." The United States Patent No. 417,656 of 1889 by White claimed "1. As an improved article of manufacture, a hair-curler consisting of a roller or barrel divided longitudinally into two sections hinged together at one end, and said roller provided with an elastic retainer for securing it to the hair, substantially as set forth." Many other patents also previously disclosed combinations of elements substantially similar to those claimed in defendants' patents. They all disclose, as do defendants' patents, the use of two tines or legs to one end of which is attached a loop, strap or cord which can be swung over to the other end to close the legs after the hair is wound around them. That defendants' devices are in slightly different form seems immaterial.

9. In view of the facts set forth above, the court finds that the combinations claimed by defendants were anticipated by the prior art, and were not such improvements beyond the exercise of mechanical skill in the art as to partake of the quality of inventive genius. The use of more flexible materials seems a natural outgrowth of the development and availability of these flexible materials as applied to the known art. In this light defendants' curlers appear to have been normal developments in the art as was plaintiff's curler.

## Conclusions of Law.

1. The court has jurisdiction of this case and of the parties.

 2. The action will be dismissed as to Solo Products Corporation of New Jersey since it appears that it does not own any of the patents in suit, nor has it exercised any rights with relation thereto.

 3. Defendants' patents in suit Nos. 2,112,074, 2,145,278 and 2,168,368 are invalid and void because anticipated by the prior art and for lack of invention.

4. Defendants' counterclaim should be dismissed.

5. Plaintiff is entitled to a judgment in accordance with the findings and conclusions herein expressed.